# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LUIS DYER,**

      **Plaintiff,**

**v.**                                                  Case No:   6:15-cv-1231-Orl-31KRS

**UNITED STATES OF AMERICA,**

      **Defendant.**

## ORDER

This matter arises, without a hearing, from the Motion for Summary Judgment (Doc. 24) filed by the Defendant, the United States of America; the Response in Opposition filed by the Plaintiff, Luis Dyer; the United States' Reply (Doc. 30); and Defendant's Sur-Reply (Doc. 34).

**I.    Background**

On September 18, 2013, Dyer was riding his bicycle on the sidewalk adjacent to Tradeport Drive in Orlando, Florida. At approximately 10:57 a.m., Angel Figueroa, an employee of the United States, began exiting a driveway that intersected the sidewalk that Dyer was riding on. (Doc. 24-1 at 7.) Neither party stopped as he approached the intersection. Figueroa was looking toward the left, away from Dyer. (*Id.*) And Dyer only noticed Figueroa's vehicle after he had already begun crossing the driveway. (*Id.*) Dyer collided with the front, right portion of Figueroa's vehicle and suffered bodily injuries as well as damage to his bicycle. (Doc. 24-5 at 20.) The entire incident occurred within one or two seconds. (*Id.*)

Dyer claims that he was lawfully riding his bicycle, that Figueroa negligently failed to yield to him, and that Dyer suffered both bodily and property damage as a result. (Doc. 1 ¶ 9.) In its Motion for Summary Judgment (Doc. 24), the United States argues that Dyer is solely

responsible for the collision because: (1) he was riding his bicycle on the sidewalk, in violation of Orlando's municipal code, and (2) by riding from the sidewalk onto the driveway in such close proximity to Figueroa's vehicle, it was impossible for Figueroa to yield—a violation of Florida Statute.

## II.     Legal Standard

A party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Emply't Servs.*, Inc., 252 F. Supp. 2d 1347, 1351–52 (M.D. Fla. 2003). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324–25 (internal quotations and citations omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324–25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more

than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value") (citations omitted); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).

To succeed in a motion for summary judgment in a negligence action under Florida law, "[t]he movant . . . must demonstrate as a matter of law either that there is no negligence or that the sole proximate cause of the injury was the plaintiff's negligence." *Oken ex rel. J.O. v. CBOCS, Inc.*, No. 8:12-CV-782-T-33MAP, 2013 WL 2154848, at *4 (M.D. Fla. May 17, 2013) (quoting *Smith v. Grove Apartments, LLC*, 976 So. 2d 582, 585 (Fla. 3d DCA 2007)).

## III.    Analysis

Dyer brings his claim pursuant to the Federal Tort Claims Act ("FTCA"). "'The FTCA is a specific, congressional exception' to the United States' sovereign immunity for tort claims, under which the government may 'be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government.'" *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (quoting *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994)). The law applicable to an FTCA claim is the law of the state where the tortious act occurred. 28 U.S.C. 1346(b)(1); *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015). All the events in the current case occurred in Florida; thus, Florida law applies.

Under Florida law, a cause of action for negligence comprises four elements: (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) the defendant's breach of that duty, (3) a causal connection between the defendant's breach and the plaintiff's injury, and (4) actual loss or damage resulting from the injury. *See Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182 (Fla. 2003) (citation omitted). Florida follows the comparative fault doctrine, therefore, the

fact-finder must apportion the respective fault of the parties. *See Hoffman v. Jones*, 280 So. 2d 431 (Fla. 1973) (adopting the doctrine of comparative negligence).

Here, the United States argues that Dyer is solely responsible for the accident because he rode his bicycle in a way that violated both Florida statute and Orlando municipal code—giving no weight to the negligent actions of Figueroa. As the record currently stands, there remain genuine issues of material fact as to the potential negligence of each party and how that negligence should be apportioned.

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (Doc. 24) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 10, 2017.

                                                                                   _____
                                                                                   GREGORY A. PRESNELL
                                                                                   UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party